IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN KATHLEEN GAUDISH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-531 |
| ) | |
| ANDREW M. SAUL ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 28th day of September, 2020, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to base his residual functional capacity ("RFC") assessment on substantial evidence; and (2) failing to address Plaintiff's inability to maintain regular attendance.  The Court disagrees and finds that

1

substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

A claimant's RFC is the most that that individual can do despite his or her limitations. See 20 C.F.R. § 416.945(a). The determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. §§ 416.927(d)(2), 416.946(c). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 416.927, 416.929, 416.945. In this case, after reviewing all the relevant evidence, the ALJ determined in his RFC assessment that, due to Plaintiff's impairments, she is capable of performing light work with various additional limitations. (R. 18). The Social Security regulations define "light work" as jobs involving:

> …lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 416.967(b).

Plaintiff first contends that the ALJ's RFC assessment is not supported by substantial evidence because she cannot perform the standing and walking required by such work. Although Plaintiff points to certain instances in the record where a care provider noted diffuse tenderness or an antalgic gate, the Court notes that the record as a whole reveals many occasions where her treatment providers reported normal findings. For example, although Plaintiff asserts that rheumatologist Joseph Devich, Jr., M.D. noted diffuse tenderness and an antalgic gait upon examination, a review of the complete record reveals that he reported a normal gait at Plaintiff's initial examination, and that Plaintiff's other treatment providers consistently reported Plaintiff having a normal gait. (R. 20, 298, 328, 333, 339-40, 386, 436, 443, 446, 450). Additionally, Dr. Devich and Plaintiff's other treatment providers consistently reported Plaintiff's muscle strength being fully intact with no signs of atrophy. (R. 298, 315, 328, 332, 340, 436, 446, 450). Further, rheumatologist Alan Berg, M.D. reported Plaintiff demonstrating full range of motion of her upper and lower extremities with no synovitis. (R. 21, 410).

Therefore, upon review of the record and the ALJ's analysis, the Court concludes that substantial evidence supports the ALJ's finding regarding her ability to stand and walk. While Plaintiff also points out that she has been diagnosed with various disorders, including inflammatory arthritis, ankylosing arthritis and psoriatic arthritis, such diagnoses do not necessarily warrant an award of disability benefits. Instead, there must be proof of a related functional loss preventing Plaintiff from engaging in substantial gainful activity. See In re Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990); 20 C.F.R. § 416.921. Here, Plaintiff has simply not shown that she has such functional losses in her ability to stand and walk. Further, the Court notes that an ALJ is not required to make reference to every relevant treatment note as long as the Court can discern the basis for the ALJ's decision. See Fargnoli v. Massanari, 247

F.3d 34, 42 (3d Cir. 2001).  Thus, the Court finds that the ALJ adequately addressed the evidence regarding Plaintiff's ability to stand and walk, including Plaintiff's testimony, medical records and opinion evidence, and he came to a well-reasoned conclusion as to Plaintiff's limitations in this area.  The Court cannot now choose to re-weigh such evidence simply because Plaintiff does not agree with the ALJ's decision.  See Berry v. Sullivan, 738 F. Supp. 942, 944) (W.D. Pa. 1990).  Accordingly, the Court finds that the ALJ did not err in finding Plaintiff to be capable of performing the standing and walking entailed in light work.

Plaintiff further asserts that the ALJ's RFC assessment is not supported by substantial evidence because he did not seriously consider her subjective complaints of pain when evaluating her limitations.  This point appears to tie in with the second argument Plaintiff raises, that the ALJ failed to address her inability to maintain regular attendance because he did not adequately consider her testimony and subjective complaints regarding her headaches (and other pain).  Here too, however, upon review of the record and the ALJ's decision, the Court finds that the ALJ sufficiently addressed such evidence, but ultimately did not find that her headaches (and other pain) would prevent her from maintaining regular attendance.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence.  See 20 C.F.R. § 416.929(a).  A claimant's subjective complaints of symptoms alone are not sufficient to establish disability.  See id.  In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he or she alleges.  See 20 C.F.R. § 416.929(b).  Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his or her ability to work.  See 20 C.F.R. § 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment).  In the ALJ's decision here, after examining Plaintiff's medical records and subjective complaints in connection with her alleged impairments, the ALJ simply found that such evidence did not fully support the limitations she alleges.

Although the specifics of her argument are not entirely clear, Plaintiff appears to claim that the ALJ erred in discounting her allegations of pain—the worst of which, she states, is related to her neck and headaches—which would prevent her from maintaining regular attendance at work.  In her brief, Plaintiff reviewed the evidence of her testimony and subjective complaints regarding headaches and neck pain and her treatment as evidenced in the record.  Nevertheless, upon review of the record and the ALJ's discussion, the Court notes that Plaintiff's headaches and neck pain apparently improved with treatment.  (R. 21-22, 333, 470, 487).  Further, in his analysis, the ALJ noted various parts of the record that did not support the severity of her allegations.  For example, Dr. Berg reported that nothing in his examination substantiated inflammatory arthritis and that there was no clear etiology for Plaintiff's complaints of chronic pain.  (R. 21, 410). Another care provider, a physician's assistant, noted that nothing in Plaintiff's MRI findings explained her subjective complaints, and she advised Plaintiff to engage in physical therapy and follow up in one month (but there was no indication in the evidence that Plaintiff complied with that advice or that she returned for follow-up treatment).  (R. 20, 298).

Also, another physician noted that, when he told Plaintiff that he would consider a driving restriction due to her complaints of severe disequilibrium, Plaintiff suddenly minimized her symptoms.  (R. 20, 331-32).

Thus, the ALJ concluded, after careful consideration of all the evidence of record, that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for the reasons he provided in his decision.  (R. 19).  The Court finds that the ALJ did not err in his evaluation of Plaintiff's subjective allegations because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely consistent with the evidence of record.

Further, the Court notes that a claimant does not need to be entirely free of pain or experiencing no discomfort at all in order to be found not disabled.  See Andreolli v. Comm'r of Soc. Sec., No. 07-1632, 2008 WL 5210682, at *4 (W.D. Pa. Dec. 11, 2008).  Moreover, although Plaintiff does not agree with the ALJ's decision in this case, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record, but rather, whether the ALJ's actual findings are supported by substantial evidence of record.  See Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986).  In this case, the Court finds that the ALJ's findings regarding Plaintiff's pain are, in fact, supported by substantial evidence.  Therefore, the ALJ also did not err in failing to find that her pain would prevent her from maintaining regular attendance.

Finally, Plaintiff asserts that the ALJ's hypothetical question to the vocational expert ("VE") at the administrative hearing did not adequately reflect all of her impairments, including that she could not maintain regular attendance.  However, the Court cannot find that the ALJ erred in posing his hypothetical questions to the VE at the administrative hearing.  While the hypothetical questions to the VE must accurately portray the claimant's impairments, such questions need only reflect those impairments that are adequately supported by the record.  See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987).  In this case, the Court finds that the ALJ's hypothetical questions to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC, discussed supra.  The ALJ accounted for the limitations supported by the record when he asked the VE to assume an individual of Plaintiff's age, education and work experience who is limited to light work with specific additional limitations, but not an inability to maintain regular attendance.  (R. 24, 80-81).  Considering these limitations, the VE testified that such an individual would be able to perform the requirements of representative light unskilled occupations such as marker, mail sorter, and office helper, and the ALJ properly relied on these findings in concluding that Plaintiff is not disabled.  (R. 24-25, 81).

As to any additional arguments mentioned summarily by Plaintiff in her brief, the Court finds that she has failed to establish how the ALJ's failure to consider properly any additional evidence of record constitutes reversible error.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

In sum, the Court finds that substantial evidence supports the ALJ's RFC assessment. The Court further finds that the ALJ did not fail to address properly Plaintiff's ability to maintain regular attendance. Accordingly, the Court affirms.